El Pueblo, Demandante' y Apelado, *v.* Toro, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en ·causa por libelo infamatorio.

No. 682.—Resuelto en junio 22, 1914.

Libelo Infamatorio—Publicación de la Comisión de un Delito—Declaración en Beneficio Propio—Absolución de la Persona a Quien se le Imputó el Delito.—Cuando en un periódico se imputa a una persona la comisión de un delito y la persona injuriada denuncia criminalmente por libelo infamatorio al repórter que publicó dicha noticia, es inadmisible como prueba la noticia posterior publicada por el mismo repórter en el sentido de que dicha persona había sido absuelta, pues tal prueba constituye una declaración en beneficio propio.

Id.—Publicación del Arresto de una Persona—Forma en que Debe Darse la Noticia.—El editor de un periódico tiene derecho a hacer público en el periódico el hecho de haber sido arrestado un individuo y el motivo por el cual se le arresta, pero no está autorizado para suponer, mientras la denuncia está en su trámite de investigación en la corte, que el acusado es culpable del delito que se le imputa, o para presentarlo como tal ante el público.

Id.—Publicación de Procedimientos Judiciales—Requisitos que Debe Reunir.—El privilegio que de acuerdo con la sección 249 del Código Penal tiene el periodista para publicar los procedimientos judiciales sin que se le pueda procesar por ello, es aplicable únicamente a aquellos casos en que la publicación ha sido razonable, justa e imparcial.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El apelante compareció en nombre propio,

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En la apelación interpuesta por el acusado de la Corte Municipal de Yauco a la de Distrito de Ponce fué declarado culpable del delito de libelo infamatorio y condenado a pagar una multa de diez dólares. Se alega en la acusación que el acusado maliciosa, voluntaria y criminalmente, firmó como especial repórter, y ordenó e hizo que se publicara en el periódico "El Día," que se edita en Ponce, un suelto en el que se decía: "Ayer se juró una denuncia criminal contra un tal Natalio Lozada·Colón, (el denunciante); Lozada hace tres

años hizo un negocio con Rosendo Velazco, entregándole una obligación a éste por una suma de dinero, para ser recogida a los pocos días; Lozada desapareció y Velazco no había podido recobrar ese dinero; anteayer sabedor de que Lozada estaba en Yauco vendiendo unos caballos lo demandó civilmente dirigido por el abogado Toro Fernández (acusado y apelante en este caso) solicitando y obteniendo el embargo preventivo de unos caballos del demandado Lozada para el aseguramiento de la sentencia; ya practicado el embargo y sujetos los animales a un depósito, Lozada sustrajo uno de aquéllos y tomó la de Villadiego, siendo capturado entonces por la policía, etc.,'' terminando la acusación con las debidas alegaciones. En el juicio de esta causa quedó probado el hecho de la publicación en la forma alegada en la acusación.

El apelante alega que se han cometido dos errores. El primero consiste en haberse negado la corte a admitir como prueba otra información según la cual el apelante publicó en el mismo periódico la absolución de Lozada. Esta fué claramente una manifestación hecha por el acusado en su propio beneficio y por tanto inadmisible. Evidencia en Casos Criminales por Wharton, página 690; 12 Cyc., 426, 428.

El segundo error que ha sido alegado es que no se probó por el fiscal que el apelante hubiera cometido el delito que se le imputó en la acusación. El acusado funda principalmente esta alegación en la sección 249 del Código Penal, que prescribe lo siguiente:

"Sección 249.—Ningún noticiero, director o propietario de periódico podrá ser procesado por la imparcial y exacta relación de actos judiciales, legislativos o de cualquier otro carácter oficial, o de cualquiera manifestación, discurso, argumento o debate que en ellos tuviere lugar, a no probarse que hubo maliciosa intención al relatarlos, lo cual no deberá presumirse del mero hecho de la publicación."

Convenimos con el Fiscal que el privilegio únicamente puede favorecer a un acusado que publica procedimientos

judiciales si tal publicación es razonable, justa e imparcial. El editor de un periódico tiene derecho a hacer público en el periódico el hecho de haber sido arrestado un individuo y el motivo por el cual se le arresta; pero no está autorizado para suponer, mientras la denuncia está en su trámite de investigación ante la corte, que el acusado es culpable del delito que se le imputa o para presentarlo como tal ante el público. *Usher* v. *Severance,* 20 Me., 9. Véase también el caso de *Storey et al.* v. *Wallace,* 60 Ill., 51, 54, 55; *Bathrick* v. *Detroit Post and Tribune Co.,* 50 Mich., 629, 644; *Cincinnati* v. *Gazette Co.* v. *Timberlake,* 78 Am. Dec., 285, 289. Si en el presente caso el apelante se hubiera limitado a expresar el contenido del supuesto delito que se imputaba a Lozada no hubiera habido discusión alguna si realmente existió la acusación como parece ser el caso. Pero no se limitó como queda dicho sino que el artículo que se denuncia apareció en tal forma que se hacía ver que Lozada era un ladrón. El acusado ni siquiera alegó que los hechos publicados aparecían en los procedimientos judiciales. Cuando un editor o repórter de un periódico publica un informe acerca del arresto de una persona tiene el deber de fijarse que en la publicación solamente se diga que dicha persona ha sido acusada de un delito. Las autoridades demuestran que no debe presumirse la culpa y por tanto lo mismo el editor que el repórter deberán tener el cuidado de evitar tal suposición. Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.